**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| MELINDA WHITE | § | |
| | § | |
| vs. | § | CIVIL ACTION NO.: 3:24-c v-1626 |
| | § | |
| SIMON PROPERTY GROUP (TEXAS), L.P.; GRAPEVINE MILLS MALL; GRAPVINE MILLS MALL GP, L.L.C.; GRAPEVINE MILLS MALL L.P.; GRAPEVINE MILLS RESIDUAL L.P.; AND GRAPEVINE MILLS RESIDUAL OPERATING COMPANY, L.L.C. | §<br>§<br>§<br>§<br>§<br>§<br>§ | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

NOW COMES MELINDA WHITE, Plaintiff herein, and files her Original Complaint complaining of Defendants SIMON PROPERTY GROUP (TEXAS), L.P.; GRAPEVINE MILLS MALL; GRAPVINE MILLS MALL GP, L.L.C; GRAPEVINE MILLS MALL L.P.; GRAPEVINE MILLS RESIDUAL L.P.; and GRAPEVINE MILLS RESIDUAL OPERATING COMPANY, L.L.C., and would respectfully show unto the Court as follows:

**I.**
**PARTIES**

1. Plaintiff Melinda White ("Ms. White" and/or "Plaintiff") brings this action individually. Ms. White resides in Dallas County, Texas; and therefore, she is a citizen of the State of Texas.

2. Defendant, Simon Property Group (Texas), L.P, is a Texas limited partnership doing business in Texas and may be served process by serving its registered agent, CT Corporation System, at 1999 Bryan St., Ste. 900, Dallas, TX 75201.

3. Defendant, Grapevine Mills Mall, is a corporation, sole proprietorship, or

unincorporated association, or other entity located in Tarrant County, Texas, and may be served by serving its Director of Operations/General Manager, Joe Szymasek, at the business' location of 3000 Grapevine Mills Parkway, Ste. 1, Grapevine, Texas 76051-2021.

4. Defendant Grapvine Mills Mall GP, LLC, is a Delaware LLC doing business in Texas and may be served process by serving its registered agent, CT Corporation System, at 1999 Bryan St., Ste. 900, Dallas, TX 75201.

5. Defendant Grapevine Mills Mall L.P., is a is a Delaware limited partnership doing business in Texas and may be served process by serving its registered agent, CT Corporation System, at 1999 Bryan St., Ste. 900, Dallas, TX 75201.

6. Defendant, Grapevine Mills Residual L.P., is a is a Delaware limited partnership doing business in Texas and may be served process by serving its registered agent, CT Corporation System, at 1999 Bryan St., Ste. 900, Dallas, TX 75201.

7. Defendant, Grapevine Mills Residual Operating Company, L.L.C., is a Delaware limited partnership doing business in Texas and may be served process by serving its registered agent, CT Corporation System, at 1999 Bryan St., Ste. 900, Dallas, TX 75201.

**PLEASE ISSUE CITATIONS FOR ALL DEFENDANTS**

## II.
## JURISDICTION AND VENUE

8. The Court has diversity jurisdiction over this Civil Action under 28 U.S.C. § 1332 because the parties are citizens of different states, and the amount-in-controversy exceeds $75,000.00.

9. Venue for this controversy is proper in this Court because, under 28 U.S.C § 1391(b)(1), a civil action may be brought in any district in which a defendant resides, and under

28 U.S.C. § 1391(d), Defendants are deemed to reside in this district because Texas is a state with more than one judicial district, because Defendants are subject to personal jurisdiction in more than one judicial district, and because Defendants' contacts in this district are sufficient to subject them to personal jurisdiction.

## III.
## FACTUAL BACKGROUND

10. On or about August 6, 2022, Plaintiff was a business invitee at the Grapevine Mills Mall located at located at 3000 Grapevine Mills Parkway, Grapevine, Texas 76051 (the "Premises"). The Premises are owned, operated, and controlled by Defendant Simon Property Group (Texas), L.P., Defendant Grapevine Mills Mall, Defendant Grapevine Mills Mall GP, L.L.C, Defendant Grapevine Mills Mall L.P., Defendant Grapevine Mills Residual L.P., and Defendant Grapevine Mills Residual Operating Company, L.L.C. (collectively referred to herein as "Defendants"). Said Defendants at all times material to this occurrence also owned, operated, and controlled the Premises.

11. On said occasion, Plaintiff was walking through the Premises when she slipped and fell on what appeared to be a wet substance on the floor suffering a serious injury to her head, hip, and leg, as more fully described hereafter.

12. Defendants, by and through their normal day to day operations, maintenance and upkeep, knew or should have known of the substance on the floor prior to the incident in question. Defendants, however, negligently failed to timely and properly remedy the dangerous condition, thus creating a hazard which ultimately resulted in injuries and damages to Plaintiff as more fully described hereafter.

## IV.
## RESPONDEAT SUPERIOR

13. Under the legal theory of Respondeat Superior or agency Defendants are responsible for the actions of its agents, servants and/or employees. At the time of the occurrence, Defendants' agents, servants and/or employees were acting within the course and scope of their authority as such agents, servants and/or employees. Defendants are liable to Plaintiff for the negligence of their agents, servants and/or employees under the common law of Respondeat Superior.

## V.
## CAUSE OF ACTION: PREMISES LIABILITY

14. Defendants, as owners, operators and managers of the Premises, and by and through their employees and/or actual, apparent, ostensible or estoppel agents and/or representatives, at all times material hereto, owed a duty to act as a reasonable and prudent property owner, operator and/or management company would have done under the same or similar circumstances. Defendants were negligent and such negligence was the proximate cause of Plaintiff's injuries and damages.

15. Defendants breached their duty by, among other acts and/or omissions, as follow:

a) Creating a condition on the premises which posed an unreasonable risk of harm to individuals such as Plaintiff;

b) Permitting an unreasonably dangerous condition which Defendants knew, or in the exercise of ordinary care should have known about, to exist on the premises in areas which Defendants knew that persons such as Plaintiff were likely to suddenly and unexpectedly encounter without warning and that constituted a slip or fall hazard and risk of personal

injury;

c) In failing to conduct reasonable inspections of the Defendants' premises in order to discover the condition on the premises which posed an unreasonable risk of harm to individuals such as Plaintiff;

d) In failing to timely clean the Defendants' premises to prevent a slip or fall hazard;

e) In failing to warn Plaintiff of the condition on the premises which posed an unreasonable risk of harm to individuals such as Plaintiff;

f) In failing to make safe a condition on the premises which Defendants knew, or in the exercise of ordinary care should have known, posed an unreasonable risk of harm to individuals such as Plaintiff;

g) In failing to timely and properly remedy the condition so as to prevent harm or injury to others such as Plaintiff; and

h) In failing to post warning signs to prevent an injury to Plaintiff and others.

16. Defendants were the owners, operators and managers of the Premises at all times relevant to this action.

17. At the time Plaintiff entered the premises, she was a business invitee to whom Defendants owed a duty to exercise ordinary care, including the duty to discover any unreasonably dangerous conditions existing on the premises, and the duty to warn Plaintiff of the existence of such dangerous conditions.

18. A condition on Defendants' premises posed an unreasonable risk of harm. The substance on the floors of the Premises created a dangerous and hazardous condition on Defendants' premises, proximately causing the incident in question.

19. Defendants knew or reasonably should have known of the dangerous condition existing on the Premises.

20. Defendants had a duty to use ordinary care to ensure the Premises did not present a danger to Plaintiff. This duty includes the duty to inspect and the duty to warn or to cure. Defendants breached the duty of ordinary care by failing to remedy the malfunctioning exit doors at Defendants' premises.

21. Plaintiff would show that Defendants failed to exercise ordinary care in performing such duty. The acts and/or omissions of Defendants described hereinabove by which Defendants breached such duty, constitute a proximate cause of Plaintiff's damages described more fully herein below, for which Defendants are liable to Plaintiff.

22. Each of such acts and/or omissions, singularly or in combination with others, were a proximate cause of the occurrence and damages sustained by Plaintiff, for which Plaintiff prays judgment of this Court in an amount within the jurisdictional limits of this Court.

## V.
## DAMAGES

23. As a direct and proximate result of the negligence described above, Plaintiff suffered the following damages:

a) Medical expenses, past and present;

b) Physical pain, past and present;

c) Mental anguish, past and present;

d) Physical impairment, past and present;

e) Physical disfigurement, past and present; and

f) Lost wages.

24. Alternatively, Plaintiff has sustained an aggravation of pre-existing and

subsequent medical and physical conditions. More particularly, if the evidence demonstrates that prior to the occurrence in question Plaintiff had pre-existing conditions, such conditions at the time of the occurrence were latent, controlled and/or non-debilitating, and the occurrence has aggravated and accelerated those conditions and/or made more vulnerable and predisposed to subsequent injury and to the effects of subsequent stressors and injuries.

## VI.
## CLAIM FOR PRE-JUDGMENT AND POST-JUDGMENT INTEREST

25. Plaintiff herein claims lawful interest in accordance with Article 5069-1.05 of the V.A.T.S. and any other applicable law.

## VII.
## PRESERVATION OF EVIDENCE

26. Defendants are hereby put on notice not to destroy any evidence, including, but not limited to videos, photographs, reports, files, inter-office emails, intra-office emails, emails and/or any communication whatsoever related to this incident.

## VIII.
## PRAYER

For these reasons, Plaintiff requests Defendants be cited to appear and answer herein and, upon final hearing of this case, Plaintiff have judgement against Defendants for actual damages described herein, exemplary and punitive damages, pre-judgment interest and post-judgment interest at the maximum rate allowed by law, court costs, and for such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

*/s/Tanja K. Martini*
TANJA K. MARTINI
Attorney-In-Charge
SBN 24032581
THE MARTINI LAW FIRM, PC
10440 N. Central Expy., Ste. 1240
Dallas, Texas 75231
214.753.4757 – T
888.248.1734 – F
Email: tanja@themartinilawfirm.com

*COUNSEL FOR PLAINTIFF MELINDA WHITE*